FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 26, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>SHANE JOSEPH PARISEAU,<br><br>    Defendant. | NO: 2:18-CR-194-RMP-1<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE |

BEFORE THE COURT, without oral argument, is Defendant Shane J. Pariseau's Motion to Reduce Sentence Under §3582(c)(1)(A), ECF No. 61. The Government opposed the motion, ECF No. 67, and Defendant replied, ECF No. 70. Having reviewed Defendant's motion, exhibits, and reply, the Government's response, the record, and relevant law, the Court is fully informed. After considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the United States Sentencing Commission, the Court finds that a sentence reduction is not warranted.

ORDER DENYING MOTION TO REDUCE SENTENCE ~ 1

# BACKGROUND

On January 23, 2020, after pleading guilty to possession with intent to distribute 50 grams of methamphetamine (Count One), possession with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin in violation (Count Two), and being a felon in possession of firearms and ammunition (Count Three), Defendant Shane J. Pariseau was sentenced to a term of incarceration of 152 months as to Counts One and Two and 120 months as to Count Three, to run concurrently. ECF No. 55. Defendant's term of imprisonment was to run consecutively to a 57-month term of incarceration for supervised release violations in Case No. 05-CR-168-RMP-2 and to be followed by 20 years of supervised release. *Id.* In total, Defendant was sentenced to 209 months of incarceration and 20 years of supervised release.

Defendant is 43 years old and currently is incarcerated at Federal Correctional Institution ("FCI") Hazelton in West Virginia. His projected release date is June 28, 2033. ECF No. 61-1 at 1.

On November 12, 2021, Defendant filed a *pro se* Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 61. Pursuant to General Order 20-9-1, the Court referred the matter to the Federal Defenders of Eastern Washington and Idaho for the limited purpose of Defendant's representation for the pending Motion to Reduce Sentence. ECF No. 62. On July 22, 2022, the Court granted the Federal Defender's Motion to Discontinue Limited Representation. ECF No. 65.

Defendant, proceeding *pro se*, seeks to reduce his prison sentence by the 57-month period the Court imposed for his violations of supervised release, which would result in 152 months of incarceration.[1] ECF No. 70 at 13. Defendant bases this request on the following reasons: (1) the need to provide care to his elderly mother after the death of his father; (2) the COVID-19 pandemic; (3) the need to provide guidance and care to his 21-year-old daughter; and (4) the effect of recent Washington Supreme Court case *State v. Blake*, 197 Wash. 2d 170 (2021), and (5) his rehabilitative efforts while incarcerated. ECF No. 61 at 3-5.

## LEGAL STANDARD

A court may reduce a term of imprisonment on compassionate release grounds after considering the factors under 18 U.S.C. § 3553(a) to the extent the factors are applicable and upon a finding that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The reduction also must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

The United States Sentencing Commission has issued a policy statement that recognizes the following circumstances as "extraordinary and compelling reasons" for purposes of compassionate release, so long as "the defendant is not a danger to

---

[1] In his initial motion, Defendant requested that his total term of incarceration be reduced from 209 months to 135 months. ECF No. 61 at 5. In his reply, Defendant changed his request and asked that his total term of incarceration be reduced from 209 months to 152 months. ECF No. 70 at 13.

ORDER DENYING MOTION TO REDUCE SENTENCE ~ 3

the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)":

> (A) Medical Condition of the Defendant.—
>   (i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory) . . . .
>   (ii) The defendant is—
>     (I) suffering from a serious physical or medical condition,
>     (II) suffering from a serious functional or cognitive impairment, or
>     (III) experiencing deteriorating physical or mental health because of the aging process,
>   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
> (C) Family Circumstances—
>   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
> (D) Other Reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

United States Sentencing Commission, *Guidelines Manual*, §1B1.13 cmt. n.1.

Section 1B1.13 has not been updated since the enactment of the First Step Act,[2] Pub.

---

[2] The Court takes judicial notice that the United States Sentencing Commission currently has sufficient members to constitute a voting quorum but has not

ORDER DENYING MOTION TO REDUCE SENTENCE ~ 4

L. No. 115-391, 132 Stat. 5194 (2018). Thus, the policy statements in section 1B1.13 "may inform a district court's discretion for [considering compassionate release] motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

Until December 21, 2018, the Court could reduce a term of imprisonment for extraordinary and compelling reasons only upon motion by the Director of the Bureau of Prisons ("BOP"). Following the enactment of the First Step Act, a federal prisoner may move on his or her own behalf for a sentence reduction after exhausting all administrative appeals. 18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

**Exhaustion**

Compassionate release is available only after a defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of thirty days from the warden's receipt of the defendant's request for compassionate release, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

Defendant submitted a sentence reduction request based on his risk for COVID-19 and his suffering due to separation from his family to the warden at FCI Hazelton on September 28, 2021. ECF No. 61 at 11. The Government "does not

---

amended the United States Sentencing Guidelines to implement the First Step Act as of the date of this Order.

ORDER DENYING MOTION TO REDUCE SENTENCE ~ 5

concede that Defendant has properly exhausted" but nevertheless agrees that "it is clear that Defendant made efforts to address his concerns with BOP, and more than 30 days have passed" since such efforts. *See* ECF No. 67 at 8-9.

The Government notes that Defendant did not appear to appeal any decision made by the warden regarding Defendant's request for compassionate release. *See* ECF No. 67 at 2 ("[i]t is not clear whether Defendant has actually exhausted his administrative remedies; he has submitted no evidence that he timely appealed any lack of action on his compassionate release request by the Warden of the institution in which he was incarcerated"). However, the statute permits a defendant to move for reduction of a term of imprisonment in two ways: by "fully exhausting all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or by awaiting "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). In the instant case, Defendant submitted a request for compassionate release to the warden at FCI Hazelton more than a year ago. *See* ECF No. 61 Ex. 1. Accordingly, the Court finds Defendant's motion to reduce sentence ripe for review and will address his request on the merits.

**Extraordinary and Compelling Circumstances**

To be eligible for release, Defendant must demonstrate that "extraordinary and compelling" circumstances justify compassionate release in light of both 18

U.S.C. § 3582(c) and 18 U.S.C. § 3552(a), which the United States Sentencing Commission directs courts to consider. USSG §1B1.13.

Defendant asserts five reasons as justification for reducing his sentence: (1) the need to provide care to his elderly mother after the death of his father; (2) the COVID-19 pandemic; (3) the need to provide guidance and care to his adult daughter; and (4) the effect of recent Washington Supreme Court case *State v. Blake*, 197 Wash. 2d 170 (2021), and (5) his rehabilitation. ECF No. 61 at 3-5.

*Defendant's Need to Provide Care to His Mother*

First, Defendant contends that his sentence should be reduced so that he may provide care to his elderly mother, whose health has declined after the death of his father in 2021. *See* ECF No. 70 at 8. The Government counters that Defendant has not articulated any of his mother's specific needs nor established that Defendant is the only individual who could address those needs. ECF No. 67 at 12.

The Court extends its sympathies to Defendant for the loss of his father. But the Court agrees that Defendant's purported need to care for his elderly mother is not an extraordinary and compelling reason to reduce his sentence. While it is true, as Defendant asserts in his reply, that other district courts have found the need to care for an ailing parent a relevant factor that may support extraordinary and compelling reasons, in this case Defendant has not provided any evidence for his assertions about his mother's health apart from generalized statements. *Compare* ECF No. 61 at 3 (describing Defendant's mother as "single, sickly, and elderly" and facing

ORDER DENYING MOTION TO REDUCE SENTENCE ~ 7

"physical and mental health battles") *with United States v. Ledezma-Rodriguez*, 472 F. Supp. 3d 498, 507 (S.D. Iowa 2020) (citing the medical evidence the defendant provided regarding his seventy-year-old mother's diabetes) *and United States v. Cruz*, No. 3:94-CR-112 (JCH), 2021 WL 1326851, *1, *10 (D. Conn. Apr. 9, 2021) (citing "more than 300 pages of medical records" the defendant provided regarding the defendant's mother's terminal lung disease).  Accordingly, Defendant has not demonstrated an extraordinary and compelling reason for compassionate release based on the need to care for his mother.

*COVID-19 Pandemic*

Second, Defendant requests relief due to the general impact of COVID-19 on the "prison environment."  ECF 61 at 4.  Defendant avers he "has dealt with extreme lockdowns, modified movement, [and] restricted communication with family" because of the pandemic.  *Id*.  The Government responds that Defendant has not articulated any physical ailments upon which he might base a successful compassionate release claim, and that there is no reason to believe Defendant would be any safer from COVID-19 outside FCI Hazelton.  *See* ECF No. 67 at 13.  In his reply, Defendant contends that prisons are at greater risk for COVID-19 breakthrough infections.  *See* ECF No. 70 at 9.

The Court finds that Defendant has offered no reason beyond the general impact of COVID-19 in the prison environment as support for his motion, and "the COVID-19 pandemic is not by itself an extraordinary and compelling reason to grant

ORDER DENYING MOTION TO REDUCE SENTENCE ~ 8

relief." *United States v. Briggs*, No. 2:07-CR-2063-LRS-1, 2020 WL 7265850, at *3 (E.D. Wash. Dec. 10, 2020); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Defendant's arguments regarding the broad effect of the pandemic in a carceral setting are therefore insufficient to support his motion for reduced sentence.

*Defendant's Need to Provide Care to His Adult Daughter*

Next, Defendant requests a sentence reduction so that he may set a good example for his daughter and provide guidance to her. ECF No. 61 at 4. Defendant wishes to help guide his daughter "in the right direction" after her release from a five-year term of incarceration. ECF No. 70 at 11. The Government asserts that the circumstances surrounding Defendant's daughter and her incarceration are neither extraordinary nor compelling and that Defendant fails to demonstrate how he could offer specific care for his daughter, who is a 21-year-old adult. ECF No. 67 at 14. The Court agrees with the Government that Defendant's stated desire to provide care and guidance to his adult daughter, while laudable, is not an extraordinary or compelling reason that warrants a reduced sentence.

/ / /

/ / /

ORDER DENYING MOTION TO REDUCE SENTENCE ~ 9

*Effect of* State v. Blake

Defendant states that recent Washington Supreme Court case *State v. Blake* vacated four of his prior convictions and that his federal sentence warrants reevaluation in light of *Blake*.  See ECF No. 61 at 5; *see also State v. Blake*, 197 Wash. 2d 170, 174 (2021) (declaring Washington's strict liability drug possession statute unconstitutional under both the state and federal constitutions).  Defendant provides no evidence that any of his prior convictions have been vacated under *Blake* but urges the Court to verify his assertion with his previous counsel.  ECF No. 70 at 11-12.  The Government responds that while *Blake* appears to allow for the vacating of some of Defendant's prior simple possession convictions, there is no evidence of such vacating.  ECF No. 67 at 16. , The Government further states that even if some of Defendant's prior convictions had been vacated it would not have affected Defendant's sentence because Defendant did not receive criminal history points based on his simple possession convictions and because Defendant's criminal history did not drive a higher sentence, as the Court imposed a sentence below Defendant's Guidelines range.  *Id.* at 15.

The Court finds that *Blake* has no meaningful bearing on Defendant's motion.  Despite claiming that four of his prior convictions were vacated in *Blake*'s wake, Defendant provides no evidence of this, and it is Defendant who bears the burden to make such a showing.  *See United States v. Bouvier*, 473 F. Supp. 3d 205, 206 (W.D.N.Y. July 21, 2020) (stating that the defendant "has the burden when making a

ORDER DENYING MOTION TO REDUCE SENTENCE ~ 10

motion for compassionate release to demonstrate that there are truly extraordinary and compelling reasons to change and modify [the sentence]").

Additionally, the presentence investigation report shows Defendant's prior state possession convictions did not factor into the calculation of his criminal history score in his sentencing. Defendant's 2002 state methamphetamine delivery charge and his 2005 federal methamphetamine distribution and possession of a firearm in furtherance of a drug trafficking crime charges resulted in a subtotal criminal history score of 6. ECF No. 43 at ¶¶ 93, 102. Two points were added because Defendant committed the underlying offense in this matter while on supervised release, resulting in Defendant's total criminal history score of 8. *Id.* at ¶ 110-11. Accordingly, because these prior possession convictions had no bearing on the sentencing in this case, any intervening change in the law resulting from *Blake* does not qualify as an extraordinary and compelling reason to grant a reduced sentence.

*Defendant's Rehabilitative Efforts*

Finally, Defendant contends that his rehabilitative efforts while incarcerated, including his lack of disciplinary infractions, participation in a drug abuse education course, and employment, demonstrate his progress and his ability to lead a productive life. *See* ECF No. 61 at 3. The Government counters that Defendant's rehabilitation meets only the minimum expectations for an incarcerated individual and that Defendant's rehabilitation provides insufficient reason to support granting the motion. ECF No. 67 at 11.

ORDER DENYING MOTION TO REDUCE SENTENCE ~ 11

The Court commends Defendant on his rehabilitation while incarcerated. However, as other district courts have held, rehabilitation by itself "cannot constitute an extraordinary and compelling reason warranting release." *See United States v. Saleh*, No. 93cr181, 2020 WL 3839626, *1, *4 (S.D.N.Y. July 8, 2020) (internal quotations omitted); *see also* 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."). Because none of Defendant's other proffered reasons are sufficiently extraordinary and compelling as to warrant a reduced sentence, and because Defendant cannot rely only on his rehabilitation, his motion fails.

**Section 3553(a) Factors**

The Court next examines whether the 18 U.S.C. § 3553(a) factors support Defendant's instant motion. The factors include the nature and circumstances of the offense and the history and characteristics of the defendant. *See* 18 U.S.C. § 3553(a).

The serious nature and circumstances of Defendant's offenses weigh against a reduction in sentence. Defendant pled guilty to one count of possession with intent to distribute methamphetamine, one count of possession with intent to distribute heroin, and one count of being a felon in possession of firearms and ammunition. ECF No. 43 at ¶ 5. Additionally, in the course of committing these offenses, Defendant engaged in high-risk conduct by fleeing from law enforcement and driving approximately 60 miles per hour in a 25 mile per hour residential zone. *See*

*id.* at ¶¶ 14-15.  Law enforcement's ensuing pursuit of Defendant ended three days later in a hotel room after Defendant's noncompliance with officer commands prompted officers to deploy a police K9.  *See id.* at ¶ 24.  The destructive nature of Defendant's offenses of conviction does not support granting Defendant's motion.

Turning to Defendant's history and characteristics, Defendant's criminal history includes convictions of theft, assault, domestic violence, and driving under the influence.  *See id.* at ¶¶ 60-132.  Even without the inclusion of Defendant's state drug possession convictions, Defendant's criminal history causes concern regarding Defendant's history of violent behavior and indicate that he presents a risk of danger to others in the community.  *See* 18 U.S.C. § 3142(g).  Therefore, the Court concludes that the relevant § 3553(a) factors weigh against granting a reduction in sentence.

Having considered all of the relevant, albeit non-binding, factors listed in USSG §1B1.13, as well as those set forth in 18 U.S.C. § 3553(a), the Court finds that Defendant has not demonstrated extraordinary and compelling circumstances warranting compassionate release.  Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Reduce Sentence, **ECF No. 61**, is **DENIED**.

/ / /

/ / /

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order and provide copies to *pros se* Defendant, counsel, and to the United States Probation Office.

**DATED** October 26, 2022.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Senior United States District Judge

ORDER DENYING MOTION TO REDUCE SENTENCE ~ 14